Per Curiam.

In this action for personal injuries plaintiff obtained a verdict which, by a divided court, was sustained by the Appellate Division.
"While plaintiff was making her way toward an auditorium on the Brooklyn College campus to witness her son’s graduation, she was pushed by someone in a crowd ostensibly proceeding to the same place, causing her to fall and injure her ankle. In essence, her claim of negligence is predicated on the presence of the crowd of other parents and guests, one or some of whom pushed her; and, that given the circumstances, wherein a large number of visitors should have been anticipated, appellants were required to exercise control and direction over their movement.
The record is devoid of any evidence that defendants should have expected any potentially dangerous condition, or that there *746 had ever been any surging or “ chaotic ” crowds in attendance at any other such function, or any proof of other similar accidents ; no evidence, in short, of any reason why defendants could have been on notice of the imminence of a dangerous crowd situation calling for special safety measures. If we apply, as we must, the rule that the limits of the duty owed are drawn by what could necessarily be anticipated, or, to put it another way, if the risk reasonably to be perceived defines the duty to be obeyed, then no actionable negligence has been established, and hence plaintiff has not met her burden and her claim must fail.
The order should be reversed and the complaint dismissed.
Chief Judge Fuld and Judges Burke, Breitel, Jasen, Gabrielli, Jones and Wachtler concur in Per Curiam opinion.
Order reversed, without costs, and complaint dismissed.